CRAIG CARPENITO
United States Attorney
ELIZABETH A. PASCAL
Assistant U.S. Attorney
Camden Federal Building
and U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, NJ 08101
(856) 757-5105
Attorneys for Federal Defendants
CompleteCare, CompleteCare
Dental Professionals, CompleteCare
Health Network, CompleteCare Health NJ

| | |
|---|---|
| MARISELA CINTRON, | HONORABLE |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: |
| COMPLETECARE, COMPLETECARE DENTAL PROFESSIONALS, COMPLETE CARE HEALTH NETWORK, COMPLETECARE HEALTH NJ, JOHN DOE(S) (1-100), JANE DOE(S) (1-100), ABC INC.(s) (1-100), | NOTICE OF REMOVAL |
| Defendants. | |

TO:    New Jersey Superior Court
       Civil Division Case Management Office
       First Floor, Courthouse
       1 N. Broad St.
       Woodbury, NJ 08096

       Michael J. Glassman, Esquire
       Michael J. Glassman & Associates, LLC
       Laurelwood Corporate Center
       1103 Laurel Oak Road, Suite 140
       Voorhees, NJ 08043-4318
       *Counsel for Plaintiff*

PLEASE TAKE NOTICE that this case, previously pending in the New Jersey Superior Court, Law Division, Camden County, Docket No. GLO-L-1056-18, is hereby removed to the United States District Court for the District of New Jersey, pursuant to 42 U.S.C. § 233(c). The United States of America is hereby substituted for removing Defendants Completecare, Completecare Dental Professionals, Complete Care Health Network, Completecare Health NJ (collectively "Federal Defendants"), pursuant to 42 U.S.C. § 233(c) and (g), with respect to all of the claims set forth against them in the Complaint. The United States of America, by and through its undersigned attorneys, respectfully states the following in support of removal of this matter:

1.      On September 14, 2018, this action was initiated in New Jersey Superior Court, Law Division, Gloucester County (the "State Court Action"). See Exhibit A (State Court Docket). Service of process has not been effected upon the Federal Defendants in the manner specified in and required under Fed. R. Civ. P. 4(i). See id.

2.      Plaintiff filed this action seeking damages from the Federal Defendants for personal injuries she allegedly sustained as the direct and proximate result of the Federal Defendants' alleged negligence (i.e., medical malpractice). See Exhibit B (Complaint).

3.      At all times relevant to this Complaint, the Federal Defendants were deemed employees of the United States pursuant to 42 U.S.C. § 233(g). See Exhibit C (Declaration of Meredith Torres with attached exhibit).

4.      This action is deemed to be an action against the United States because the Federal Defendants were acting within the scope of employment as employees of the United States pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c).  See Exhibit D (Certification of Scope of Employment).

5.      Sections 233(a) and (g) of Title 42 of the United States Code, as amended by the Federally Supported Health Centers Assistance Act of 1995 (Public Law 104-73), provide that the FTCA is the exclusive remedy for tort claims against the United States.

6.      The United States District Courts have exclusive jurisdiction over tort actions filed against the United States under the FTCA.  28 U.S.C. § 1346(b).

7.      This Notice of Removal will be electronically filed with the Clerk of the New Jersey Superior Court, Law Division, Gloucester County, and will be served on all parties in accordance with 28 U.S.C. § 1446(d).  See Exhibit E (Letter to Clerk of New Jersey Superior Court).

CRAIG CARPENITO
United States Attorney


*s/Elizabeth A. Pascal*
By: ELIZABETH A. PASCAL
Assistant U.S. Attorney
Deputy Chief, Civil Division

Date: January 8, 2019

# Exhibit A

## Case Summary

**Case Number:** GLO L-001056-18

**Case Caption:** Cintron Marisela  Vs Completecare

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Gloucester | **Case Initiation Date:** 09/14/2018 |
| **Case Type:** Medical Malpractice | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** Timothy W Chell | **Team:** 102 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** No |

### Plaintiffs
**Marisela  Cintron**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Michael J Glassman |
| **Address Line 1:** 804 E. Academy Street | **Address Line 2:** | **Attorney Bar ID:** 017811980 |
| **City:** Clayton    **State:** NJ | **Zip:** 08312 | **Phone:** (856) 863-3519 |
| **Attorney Email:** EFILING@NJLAWCENTER.COM | | |

### Defendants
**Completecare Dentalprof**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**    **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Completecare**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** 335 North Delsea Drive | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** Glassboro    **State:** NJ | **Zip:** 08028 | **Phone:** |
| **Attorney Email:** | | |

**Abc Inc.(S)(1-100)**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**    **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Jane Doe(S) (1-100)**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**    **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**John Doe(S)(1-100)**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**    **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Complete Care Healthnj**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**    **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Complete Care Healthnetwork**

**Party Description:** Corp

**Address Line 1:**                         **Address Line 2:**                   **Attorney Name:**

**Address Line 1:**                         **Address Line 2:**                   **Attorney Bar ID:**

**City:**                 **State:** NJ                  **Zip:** 00000                  **Phone:**

**Attorney Email:**

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 9/14/2018 | Complaint with Jury Demand for GLO-L-001056-18 submitted by GLASSMAN, MICHAEL J, MICHAEL J. GLASSMAN & ASSOCIATES LLC on behalf of MARISELA CINTRON against COMPLETECARE, COMPLETECARE DENTAL PROF, COMPLETE CARE HEALTH NETWORK, COMPLETE CARE HEALTH NJ, JOHN DOE(S)(1-100) ET AL. | LCV20181597086 | 9/14/2018 |
| 9/15/2018 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20181601566 | 9/15/2018 |
| 10/24/2018 | AFFIDAVIT OF SERVICE submitted by GLASSMAN, MICHAEL, J of MICHAEL J. GLASSMAN & ASSOCIATES LLC on behalf of MARISELA CINTRON against COMPLETECARE DENTAL PROF, COMPLETECARE, COMPLETE CARE HEALTHNJ, COMPLETE CARE HEALTHNETWORK | LCV20181856539 | 10/24/2018 |

# Exhibit B

**MICHAEL J. GLASSMAN & ASSOCIATES, LLC**
By:    Michael J. Glassman, Esquire
Attorney ID No.: 017811980
Laurelwood Corporate Center
1103 Laurel Oak Road, Suite 140
Voorhees, New Jersey 08043-4318
(856) 784-9222
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| MARISELA CINTRON,<br><br>                        Plaintiff,<br>vs.<br><br>COMPLETECARE<br>COMPLETECARE DENTAL PROFESSIONALS<br>COMPLETE CARE HEALTH NETWORK<br>COMPLETE CARE HEALTH NJ<br>JOHN DOE(S) (1-100)<br>JANE DOE(S) (1-100)<br>ABC INC.(s) (1-100)<br><br>                       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO<br><br>Civil Action<br><br>**DENTAL MALPRACTICE COMPLAINT** |

The Plaintiff, residing at 804 E. Academy Street, Clayton, New Jersey 08312, by way of complaint, says:

**Count One**

1.      On or about September 16, 2016, Plaintiff, Marisela Cintron, presented herself as a patient at the dental office of Defendant, CompleteCare, located at or about 335 North Delsea Drive, Glassboro, New Jersey.

2.      Said dental office and professional practice was owned, supervised and professional services rendered by and/or behalf of the aforesaid Defendant,

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

and/or by Defendant(s) CompleteCare Dental Professionals, Complete Care Health Network, Complete Care New Jersey, and/or by ABC Inc.(s)(1-100), a fictitious name for a presently unknown and/or unidentified entity(s).

3.    The individual dental services rendered to Plaintiff, were provided by Defendants John Doe(s)(1-100) and or Jane Doe(s)(1-100), fictitious names for presently unknown and/or unidentified individuals with professional responsibility to Plaintiff, who may include dentists, doctors, hygienists, technicians, clerical staff, or others.

4.    The liability of the Defendants is predicated upon individual acts and/or respondeat superior and the Defendants are liable individually, jointly, severally and in the alternative.

5.    During Plaintiff's visit of September 16, 2016, Plaintiff underwent multiple services, including examination, x-rays, electric tooth filing, hygienist care, etc.

6.    During and following her care that day, Plaintiff suffered from problems that included, but were not limited to great pain, discomfort, numbness, bleeding, infection, subsequent need for additional procedures, to her teeth, gums, lips, mouth, etc.

7.    These problems were caused by the negligence, recklessness, and malpractice of the Defendant(s) which included, but is not limited to:

(a)    failure to conform to the requisite standard of dental care;

(b)    failure to provide and render reasonable dental care under the circumstances;

(c)    failure to properly prepare and control the treatment rendered to the Plaintiff;

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

-2-

d)  failure to diagnose and treat properly and expeditiously the condition of the Plaintiff;

(e)  failure to provide/obtain informed consent;

(f)  failure to properly monitor the treatment of Plaintiff;

(g)  failure to conform to the standards of his/her professional calling;

(h)  negligence as a matter of law.

8.  As a direct and proximate result of the malpractice and the negligence, carelessness, and/or recklessness of the Defendants, the Plaintiff sustained severe injuries, both permanent and temporary; has suffered, is suffering and will in the future suffer great discomfort, pain and anguish of mind and body;, became incapacitated and restricted in her no rmal activities; had to undergo additional dental treatment; has been, is and will in the future be prevented from attending her norm al daily occupations, enjoyments and social pursuits, and is otherwise further damaged.

9.  Additionally, as a direct and proximate result of the malpractice of the Defendants, Plaintiff was, is and will in the future be forced to expend large sums of money for dental and medical treatment in an effort to cure her of her injuries.

**WHEREFORE**, Plaintiff Marisela Cintron demands judgment against the Defendants CompleteCare, CompleteCare Dental Professionals, Complete Care Health Network, Complete Care Health NJ, and John Doe(s)(1-100), Jane Doe(s)(1-100), ABC Inc.(s)(1-100), individually, jointly, severally, and in the alternative, for damages, interests and costs, and such other and further relief as may seem just and proper to the court.

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

-3-

## Count Two

1.      Plaintiff, Marisela Cintron, repeats each and every allegation contained in Count One as if fully set forth at length herein.

2.      Subsequent to her dental care, the Plaintiff and the above-named law firm on her behalf, made multiple requests upon the Defendant(s) to obtain copies of her dental chart records, films and/or other documents.

3.      At all times, these requests were denied and/or ignored, and said documents may presently be lost or destroyed.

4.      The actions and/or inactions of the Defendant(s), were in violation of state and federal law, and were negligent and reckless, and have resulted in the loss of Plaintiff's property and compromise of entitlement to relevant evidence to this case, as a result of spoliation of evidence.

**WHEREFORE**, Plaintiff Marisela Cintron demands judgment against the Defendants CompleteCare, CompleteCare Dental Professionals, Complete Care Health Network, Complete Care Health NJ, and John Doe(s)(1-100), Jane Doe(s)(1-100), ABC Inc.(s)(1-100), individually, jointly, severally, and in the alternative, for damages, interests and costs, and such other and further relief as may seem just and proper to the court.

### JURY DEMAND

The Plaintiff hereby demands trial by jury.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provision of R.4:25-4, notice is given that Michael J. Glassman, Esquire, is hereby designated as trial counsel.

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

## DEMAND FOR DISCOVERY

Pursuant to R.4:17-1(b), demand is hereby made for each defendant to provide answers to Form C and Form C(3) of Appendix II of the New Jersey Court Rules.

## RULE 4:5-1 CERTIFICATION

This is to certify that this matter is not the subject of any other pending action in any court, or of any pending arbitration proceeding and that none is contemplated.  There are no other presently known parties who should be joined as parties to this action.

*/s/ Michael J. Glassman*
MICHAEL J. GLASSMAN, ESQUIRE

Dated: September 14, 2018

MICHAEL J.
GLASSMAN &
ASSOCIATES,
LLC
ATTORNEYS-AT-LAW

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-001056-18

**Case Caption:** CINTRON MARISELA  VS
COMPLETECARE

**Case Initiation Date:** 09/14/2018

**Attorney Name:** MICHAEL J GLASSMAN

**Firm Name:** MICHAEL J. GLASSMAN & ASSOCIATES LLC

**Address:** 1103 LAUREL OAK RD STE 140
VOORHEES NJ 08043

**Phone:**

**Name of Party:** PLAINTIFF : Cintron, Marisela

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** MEDICAL MALPRACTICE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/14/2018
Dated

/s/ MICHAEL J GLASSMAN
Signed

```
GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY          NJ 08096
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 853-3232
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   SEPTEMBER 14, 2018
                        RE:     CINTRON MARISELA  VS COMPLETECARE
                        DOCKET: GLO L -001056 18


      THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

      DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON TIMOTHY W. CHELL


       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      102
AT:  (856) 853-3454.


       IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
       PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                           ATT: MICHAEL J. GLASSMAN
                           MICHAEL J. GLASSMAN & ASSOCIAT
                           1103 LAUREL OAK RD STE 140
                           VOORHEES        NJ 08043


ECOURTS
```

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Marisela Cintron, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| CompleteCare, CompleteCare Dental Professionals, | ) |
| CompleteCare Health Network, CompleteCare Health NJ, | ) |
| John Doe(s) 1-100, Jane Doe(s) 1-100; ABC Inc.(s), | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

DECLARATION OF
MEREDITH TORRES

1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department").  I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.  The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.  As a consequence, if an administrative tort claim had been filed with the Department with respect to Community Health Care, Inc., d/b/a CompleteCare Health Network, its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Office database.

4.  I have caused a search of the Claims Office database to be conducted and found an administrative tort claim was filed on September 14, 2018, by Michael J. Glassman, Esquire, an authorized representative of Marisela Cintron, relating to dental care, treatment and services

1

provided by Community Health Care, Inc., d/b/a CompleteCare Health Network.   To date, no

final determination has been issued on this administrative tort claim and Plaintiff has not

exhausted her administrative remedies pursuant to 28 U.S.C. § 2675.

     5.   I have also reviewed official Agency records and determined that Community Health

Care, Inc. d/b/a CompleteCare Health Network, was deemed eligible for Federal Tort Claims Act

malpractice coverage effective January 1, 2016, and that its coverage has continued without

interruption since that time.   The Secretary of Health and Human Services' authority to deem

entities as Public Health Service employee under 42 U.S.C. § 233 (g) has been delegated to the

Associate Administrator, Bureau of Primary Health Care, Health Resources and Services

Administration.   A copy of the notification issued by the Associate Administrator, Bureau of

Primary Health Care, Health Resources and Services Administration, Department of Health and

Human Services to Community Health Care, Inc. d/b/a CompleteCare Health Network is

attached to this declaration as Exhibit 1.

     I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C.

§ 1746.

Dated at Washington, D.C., this _12th_ day of _December_, 2018

_MEREDITH TORRES_

MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

## Exhibit 1

(The notification by an Assistant Surgeon General of the Department of Health and Human Services deeming the medical center eligible for the Federal Tort Claims Act (FTCA) malpractice coverage.)

| | |
|---|---|
| **1. ISSUE DATE:** 8/17/2017 | |
| **2a. FTCA DEEMING NOTICE NO.:** 1-F00000550-17-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:** FROM: 1/1/2018 THROUGH: 12/31/2018 | DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:** Community Health Care, Inc. 53 S LAUREL ST FL 2 BRIDGETON, NJ 08302 | **HRSA** NOTICE OF DEEMING ACTION FEDERAL TORT CLAIMS ACT AUTHORIZATION: Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:** James C Edwards | |
| **8a. GRANTEE ORGANIZATION:** Community Health Care, Inc. | |
| **8b. GRANT NUMBER:** H80CS00164 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

| FTCA DEEMING NOTICE NO.:<br>1-F00000550-17-01 | GRANT NUMBER:<br>H80CS00164 |  |
| --- | --- | --- |

**Community Health Care, Inc.**
**53 S LAUREL ST FL 2**
**BRIDGETON, NJ08302**

Dear James C Edwards:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Community Health Care, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2018 through 12/31/2018.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Community Health Care, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 6/23/2016 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000550-16-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2017 **THROUGH:** 12/31/2017 | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Community Health Care, Inc.<br>53 S LAUREL STREET - 2ND FLOOR<br>BRIDGETON, NJ 08302-1946<br>BRIDGETON, NJ | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>James C Edwards | |
| **8a. GRANTEE ORGANIZATION:**<br>Community Health Care, Inc. | |
| **8b. GRANT NUMBER:** H80CS00164 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

| FTCA DEEMING NOTICE NO.:<br>1-F00000550-16-01 | GRANT NUMBER:<br>H80CS00164 |  |
|---|---|---|

**Community Health Care, Inc.**
**53 S LAUREL STREET - 2ND FLOOR BRIDGETON, NJ 08302-1946**
**BRIDGETON, NJ**

Dear James C Edwards:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Community Health Care, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2017 through 12/31/2017.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Community Health Care, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 6/22/2015 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000550-15-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2016 **THROUGH:** 12/31/2016 | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Community Health Care, Inc.<br>53 S LAUREL STREET - 2ND FLOOR<br>BRIDGETON, NJ 08302-1946 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>James C Edwards | |
| **8a. GRANTEE ORGANIZATION:**<br>Community Health Care, Inc. | |
| **8b. GRANT NUMBER:** H80CS00164 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

| FTCA DEEMING NOTICE NO.:<br>1-F00000550-15-01 | GRANT NUMBER:<br>H80CS00164 |  |
| --- | --- | --- |

**Community Health Care, Inc.**
**53 S LAUREL STREET - 2ND FLOOR**
**BRIDGETON, NJ08302-1946**

Dear James C Edwards:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Community Health Care, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2016 through 12/31/2016.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Community Health Care, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

# Exhibit D

CRAIG CARPENITO
United States Attorney
ELIZABETH A. PASCAL
Assistant U.S. Attorney
Camden Federal Building
and U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, NJ 08101
(856) 757-5105
Attorneys for Federal Defendants
CompleteCare, CompleteCare
Dental Professionals, CompleteCare
Health Network, CompleteCare Health NJ

| | |
|---|---|
| MARISELA CINTRON, | HONORABLE |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 19- |
| COMPLETECARE, COMPLETECARE DENTAL PROFESSIONALS, COMPLETE CARE HEALTH NETWORK, COMPLETECARE HEALTH NJ, JOHN DOE(S) (1-100), JANE DOE(S) (1-100), ABC INC.(s) (1-100), | CERTIFICATION OF SCOPE OF EMPLOYMENT |
| Defendants. | |

I, J. Andrew Ruymann, Chief, Civil Division, United States Attorney's Office for the District of New Jersey, acting pursuant to the provisions of 42 U.S.C. § 233(c), as amended by Public Law 104-73, and by virtue of the authority vested in me by 28 C.F.R. § 15.4, certify that I have read the Complaint in this action. On the basis of the information now available with respect to the allegations therein, I find that Defendants CompleteCare, CompleteCare Dental Professionals, CompleteCare Health Network, and CompleteCare Health NJ were

acting within the scope of its employment as an employee of the United States at the time of the conduct alleged in the Complaint.

CRAIG CARPENITO
United States Attorney


                         <u>s/ J. Andrew Ruymann</u>
By:  

J. ANDREW RUYMANN
Chief, Civil Division

Dated: January 7, 2019

Exhibit E



# U.S. Department of Justice

United States Attorney
District of New Jersey
*Civil Division*

---

CRAIG CARPENITO
UNITED STATES ATTORNEY

*Elizabeth A. Pascal*
*Assistant United States Attorney*

*401 Market Street, 4th Floor*            Main: (856) 757-5412
*P.O. Box 2098*                          Direct: (856) 757-5105
*Camden, NJ 08101*                          Fax:  (856) 757-5416
*Elizabeth.Pascal@usdoj.gov*

January 8, 2019

New Jersey Superior Court
Civil Division Case Management Office
First Floor, Courthouse
1 N. Broad St.
Woodbury, NJ 08096

RE:    Cintron v. CompleteCare, et al.
       Docket No. GLO-L-1056-18

Dear Clerk:

Enclosed is a courtesy copy of a Notice of Removal and a Civil Cover Sheet for the above referenced case. This case was removed to federal district court on January 8, 2019, and a copy of these documents has been electronically filed with the Superior Court's e-courts filing system. Pursuant to 28 U.S.C. § 1446(d), effective upon the filing of the Notice of Removal in the Superior Court, this action is removed to federal district court. The statute directs that the state court "shall proceed no further" with this matter unless the case is remanded.

Please be advised that I have sent a courtesy copy of these documents directly to Judge Chell's chambers as contemplated by the Superior Court's electronic filing rules.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

*s/Elizabeth A. Pascal*
By: ELIZABETH A. PASCAL
Assistant U.S. Attorney

Enclosures

cc:    Hon. Timothy W. Chell, J.S.C.
       New Jersey Superior Court
       Gloucester County Courthouse
       1 N. Broad Street, 2nd Floor
       Woodbury, NJ 08096